IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sharvil Patel,<br><br>    Petitioner,<br><br> v.<br><br>Warden,<br><br>    Respondents. | Case No. 8:22-cv-2027-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 11) recommending that the Court summarily dismiss this action without prejudice brought under 28 U.S.C. § 2241 challenging the Bureau of Prison's calculation of Petitioner's jail time because of a failure to exhaust administrative remedies. Petitioner has not filed an objection to the R & R.

### I. Background

Petitioner, a federal prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the has failed to properly calculate his Earned Time Credits under the First Step Act. Petitioner asks the Court to order the BOP to immediately apply Petitioner's earned time credits to his sentence. Petitioner admits in his petition that he has not exhausted all BOP administrative remedies.

### II. Legal Standards

#### a. Habeas Corpus Generally

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is generally the

proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner did not file objections to the R&R, the R&R is reviewed for clear error.

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Petitioner's petition should be dismissed. First, the Magistrate Judge correctly found that Petitioner had failed to exhaust his administrative remedies as required by applicable case law. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) and *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)); *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573, 577-78 (N.D.W. Va. 2007). Second, the

-3-

Magistrate Judge also correctly determined that no reason existed for excusing Petitioner's failure to exhaust. *McClung*, 90 F. App'x at 445 (noting exhaustion may be excused upon a showing of cause and prejudice); *Dunkley v. Hamidullah*, No. 6:06-cv-2139-JFA-WMC, 2007 WL 2572256, at *2 (D.S.C. Aug. 31, 2007) (courts may also excuse exhaustion for discretionary reasons, such as futility); (Dkt. No. 18 at 4-5) (correctly noting Petitioner "does not explain how this case turns on a question of statutory construction or, relatedly, why the BOP cannot apply the statute in the first instance"); 18 U.S.C. § 3621(h)(4) (expressly granting the BOP the discretion to implement an incentive system prior to the 2022 deadline); *see Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *8 (D.S.C. May 25, 2019) (considering similar issues and finding that petitioner could not show that exhaustion would be futile because the BOP should have the opportunity to consider this issue internally while it implements the First Step Act's requirements, before it is subjected to judicial scrutiny), *report and recommendation adopted*, 2019 WL 1773382 (D.S.C. Apr. 23, 2019).

**IV.    Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 11) as the order of Court, and **DISMISSES** Petitioner's petition without prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 1, 2022
Charleston, South Carolina